IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:16CV72

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | **CONSENT ORDER FOR** |
| v. | ) | **THIRD PARTY PETITIONS** |
| | ) | |
| Approximately $49,849.02 in funds seized | ) | |
| from Bank of America Account | ) | |
| XXXXXXXX8617, such account held in the | ) | |
| name of Norrab Enterprises LLC DBA Five | ) | |
| Four Auto, et. al. | ) | |
| | ) | |

**THIS MATTER** is before the Court pursuant to 18 U.S.C. § 983(d) and Federal Rules of

Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, Rule G, and by consent of the United States of America, by and through Jill

Westmoreland Rose, United States Attorney for the Western District of North Carolina;

Petitioner Pawnee Leasing Corporation ("Pawnee"), through counsel; and Petitioner Pentagon

Federal Credit Union ("Pentagon FCU"), through counsel (collectively, "Petitioners").   The

Government and Petitioners have consented to this Consent Order for Third Party Petitions as a

final adjudication and settlement of all matters between Petitioners and the Government with

regard to the following property identified in the Complaint for Forfeiture *In Rem* ("the

Properties"):

> **Approximately $49,849.02 in funds seized from Bank of America Account
> XXXXXXXX8617, such account held in the name of Norrab Enterprises
> LLC DBA Five Four Auto ("Five Four BofA Account 8617 Funds");**

1

**Approximately $5,559 in United States Currency seized during a search of 12512 Cumberland Crest Dr., Huntersville, North Carolina ("the Currency"); and**

**Two United States Postal Service Money Orders, in the amount of $550 each, seized during a search of 12512 Cumberland Crest Dr., Huntersville, North Carolina ("the Money Orders").**

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1.      Petitioners have filed Petitions and provided documentation to the Government that Pentagon FCU was misled into providing funds to Stanley Barron and/or the entities that he controlled as identified in the Complaint and the funds that Pentagon FCU provided are traceable to one or more of the Properties and Pawnee obtained a judgment and executed a levy related to one or more of the Properties prior to seizure of properties for forfeiture in this case.   Thus, the parties agree that, for purposes of this Consent Order, Petitioners satisfy 18 U.S.C. § 983(d).

2.      By entering into this Consent Order, the Government agrees to, at the conclusion of this case upon Final Order, release the Five Four BofA Account 8617 Funds in equal shares to Petitioners, with payment of $24,924.51 to Pawnee and $24,924.51 to Pentagon FCU.   Petitioners, in-turn, release any claim to or right to claim in this case the Currency and Money Orders identified for forfeiture.   Petitioners further agree to a Final Order forfeiting the Currency and Money Orders to the United States.

3.      The payments to Petitioners shall be in full settlement and satisfaction of all claims by Petitioners to the Properties.   Petitioners understand and agree that the United States reserves the right to terminate the forfeiture action at any time.   The

Government and Petitioners waive any rights to further litigate between each other in this forfeiture action to the Properties and agree that this Consent Order for Third Party Petitions shall be in full settlement and satisfaction of all claims between Petitioners and the Government in this action to the Properties and all claims between Petitioners and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Properties.    Unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

### IT IS THEREFORE ORDERED THAT:

1.    Based upon the stipulations of the parties herein that Petitioners satisfy one or more prongs of 18 U.S.C. § 983(d), the Government is hereby ordered to, upon issuance of a Final Order in this case, disburse $24,924.51 of the Five Four BofA Account 8617 Funds to Pawnee and $24,924.51 of the Five Four BofA Account 8617 Funds to Pentagon FCU.

2.    The Government and Petitioner shall bear their own costs, including attorneys' fees.

Signed: June 30, 2016

Graham C. Mullen
United States District Judge

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**JILL WESTMORELAND ROSE**
**UNITED STATES ATTORNEY**
_____     Dated:_____
Benjamin Bain-Creed
Assistant United States Attorney


**PAWNEE LEASING CORPORATION**
_____     Dated:_____
Kenny Fitzgerald
Senior Litigation Coordinator, Pawnee Leasing Corp.
Authorized signatory for Pawnee Leasing Corp.


_____     Dated:_____
C.O. (Ladd) Ackerman, Jr., Esq.
Attorney for Pawnee Leasing Corp.


**PENTAGON FEDERAL CREDIT UNION**
_____     Dated:_____
William D. Heyer, Esq.
Assistant General Counsel, Pentagon Federal Credit Union
Authorized signatory for Pentagon Federal Credit Union


_____     Dated:_____
Franklin Drake, Esq.
Attorney for Pentagon Federal Credit Union